■ BENJAMIN KNAUER, an Infant, by His Father and Natural Guardian, JOSEPH KNAUER, et al., Respondents, v WADE MANUFACTURING Co., Appellant, et al., Defendant. — In an action to recover damages for personal injuries, etc., predicated upon theories of strict liability, breach of warranty and negligence, defendant Wade Manufacturing Co. appeals (1) from an order of the Supreme Court, Kings County (Composto, J.), dated June 18, 1982, which denied its motion to vacate plaintiffs' notice, *inter alia,* for pretrial examination of defendant Wade, and (2) as limited by its brief, from so much of an order of the same court (Spodek, J.), dated August 10, 1982, as directed the examination before trial of defendant Wade on a date certain. Order dated June 18, 1982 affirmed and order dated August 10, 1982 affirmed insofar as appealed from, without costs or disbursements, on condition that plaintiffs' counsel, Allan P. White, P. C., personally pay defendant Wade $1,000 by check payable to the order of defendant Wade personally within 20 days after service upon plaintiffs' counsel of a copy of the order to be made hereon, with notice of entry; in the event such condition is not complied with, orders reversed insofar as appealed from, with one bill of $50 costs and disbursements, and motion to vacate plaintiffs' notice for pretrial examination granted. The examination of defendant Wade shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiffs after payment of the $1,000, or at such time and place as the parties may agree. While Special Term properly exercised its discretion in denying defendant Wade's motion to vacate plaintiffs' notice for examination before trial, in light of the persistent dilatory conduct of plaintiffs' counsel, the court should have permitted such discovery to proceed conditionally. Damiani, J. P., Mangano, Thompson and Boyers, JJ., concur.